UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**JOHN KOTSKI ET AL**      **CASE NO.  2:21-CV-01343**

**VERSUS**      **JUDGE JAMES D. CAIN, JR.**

**STATE FARM FIRE & CASUALTY CO**      **MAGISTRATE JUDGE KAY**

## MEMORANDUM ORDER

Before the court is a Motion to Compel [doc. 10] filed by defendant State Farm Fire & Casualty Company, seeking to compel discovery responses and deposition dates from plaintiffs John and Amy Kotski. Plaintiffs argue that the requested information has now been provided. Doc. 18. Also before the court is a Motion to Compel [doc. 15] filed by plaintiffs and seeking to compel a 30(b)(6) deposition on claim-specific topics. State Farm opposes the motion. Doc. 19.

This suit arises from damage to plaintiffs' home in Lake Charles, Louisiana, during Hurricane Laura, which made landfall in Southwest Louisiana on August 27, 2020. At all relevant times the home was insured under a homeowner's policy issued by State Farm. Plaintiffs filed a claim with State Farm, seeking coverage under the policy, but allege that State Farm failed to timely or adequately pay on the claim. Accordingly, they filed suit in this court on May 20, 2021, raising claims of breach of insurance contract and bad faith. Doc. 1.

The case proceeded through the Streamlined Settlement Process outlined in the court's Case Management Order ("CMO") for first-party insurance claims arising from Hurricanes Laura and Delta, but did not resolve. Docs. 2, 8. The matter is now set for jury trial on August 8, 2022, before the undersigned. Doc. 9. State Farm has filed a Motion to Compel [doc. 10] asserting that plaintiffs have failed to provide responses to discovery requests or deposition dates for their experts. In their response to the motion, plaintiffs state that they have now provided the requested information and that many of the materials requested in outstanding discovery had already been provided in the parties' initial disclosures under the CMO. Doc. 18. They also state that their experts delayed in providing deposition dates, but that plaintiffs forwarded those to defense counsel as soon as they received them. *Id.* State Farm has filed no reply in support of this motion, and so the court regards it as moot. The court admonishes plaintiffs' counsel, however, for their failures in this and other cases to timely respond to discovery before a motion to compel is necessitated and advises them that they are expected to comply with the Federal Rules of Civil Procedure no matter how many cases they have set for trial in the months ahead. **If this occurs again plaintiff's counsel will be assessed attorney's fees.**

Meanwhile, plaintiffs ask the court to compel a 30(b)(6) deposition on claim-specific topics from State Farm. Doc. 15. As State Farm points out, the court has recently advised counsel in hurricane litigation with State Farm that it intends to host a single deposition on institutional topics. But plaintiffs' 30(b)(6) Notice contains 22 topics, several of which are institutional in nature. Doc. 19, att. 1, pp. 4–9. Plaintiffs have filed no reply indicating that they have need for the non-claim specific topics before trial in this matter

and have only asked the court to compel a deposition on claim-specific topics. The Motion [doc. 15] is therefore granted insofar as plaintiffs are ordered to amend their 30(b)(6) notice to contain only claim-specific topics and State Farm is to provide a 30(b)(6) representative and dates for this deposition within 72 hours after receiving the amended notice.

Accordingly, **IT IS ORDERED** that State Farm's Motion to Compel [doc. 10] be **MOOTED** and that plaintiffs' Motion to Compel [doc. 15] be **GRANTED** as described above.

**THUS DONE AND SIGNED** in Chambers this 16th day of June, 2022.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**